# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL LUMMUS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:17-cv-00803 |
| | § | |
| UNUM LIFE INSURANCE COMPANY | § | |
| OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## INDEX OF STATE COURT FILED DOCUMENTS

**Date Received/Filed**

1. Docket Sheet from Tarrant County, Texas, 67th Judicial          n/a
   District

2. Plaintiff's Original Petition Request for Disclosure and          8/18/17
   Jury Demand

3. Citation issued to Unum Life Insurance Company of                 8/18/17
   America

4. Citation returned on Unum Life Insurance Company of               9/15/17
   America

Respectfully submitted,


By:   /s/ Dennis M. Lynch
        Dennis M. Lynch
        State Bar No. 90001506
        dennis.lynch@figdav.com
        Cameron E. Jean
        State Bar No. 24097883
        cameron.jean@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (Facsimile)

ATTORNEYS FOR DEFENDANT
UNUM LIFE INSURANCE COMPANY
OF AMERICA


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Mr. Marc Whitehead, Mr. J. Anthony Vessel, Ms. Britney Anne Heath McDonald, Marc Whitehead & Associates, LLP, 5300 Memorial Drive, Suite 725, Houston, Texas 77007, on this the 6th day of October, 2017.


/s/ Dennis M. Lynch
Dennis M. Lynch

1

Case 4:17-cv-00803-O-BP   Document 1-2   Filed 10/06/17   Page 5 of 33   PageID 13



**Tarrant County District Clerk Online**
Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | | | | 10/5/17 5:25 PM |
|---|---|---|---|---|
| Cause Number: | 067-293978-17 | | | Date Filed: 08-18-2017 |

| | | | |
|---|---|---|---|
| MICHAEL LUMMUS | | \| VS \| | UNUM LIFE INSURANCE COMPANY OF AMERICA |

| Cause of Action: | CONTRACT, INSURANCE |
|---|---|
| Case Status: | PENDING |

| File Mark | Description | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|
| 08-18-2017 | PLTF'S ORIG PET REQ FOR DISCL & JURY DEMAND | N I | 284.00 | |
| 08-18-2017 | COURT COST (PAID) trans #1 | Y | | 284.00 |
| 08-18-2017 | CIT-ISSUED ON UNUM LIFE INSURANCE COMPANY OF AMERICA-On 08/22/2017 | N  Svc | 8.00 | |
| 08-18-2017 | COURT COST (PAID) trans #3 | Y | | 8.00 |
| 09-15-2017 | CIT RETURN-UNUM LIFE INSURANCE COMPANY OF AMERICA B/S REG AGENT CORPORATION SERVICE COMPANY -SUE VERTREES | I | | 0.00 |
| 09-15-2017 | CIT Tr# 3 RET EXEC(UNUM LIFE INSURANCE COMPANY OF AMERICA) On 09/14/2017 | I | | 0.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

**2**

067-293978-17

FILED
TARRANT COUNTY
8/18/2017 11:26 AM
THOMAS A. WILDER
DISTRICT CLERK

No._____

| | | |
|---|---|---|
| MICHAEL LUMMUS, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| UNUM LIFE INSURANCE COMPANY | § | |
| OF AMERICA, | § | |
| | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION,
## REQUEST FOR DISCLOSURE and JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

1.      NOW COMES MICHAEL LUMMUS, hereinafter referred to as "Plaintiff", and brings this action against UNUM LIFE INSURANCE COMPANY OF AMERICA, hereinafter referred to as "Defendant."

2.      Plaintiff brings this action to secure all disability benefits, whether they be described as short term and/or long term, or life waiver premium benefits to which Plaintiff is entitled under the disability insurance policy underwritten and administered by Defendant.

3.      Defendant has underwritten and administered the policy and has issued a denial of the benefits claimed under the policy by the Plaintiff.  The policy at issue can be identified as Policy Number 124821 001 for long term disability and waiver of premium.

## I. PARTIES

4.      Plaintiff is a citizen and resident of Tarrant County, Texas.

1

5.      Defendant is a properly organized business entity doing business in the State of Texas. Defendant may be served with process by serving its registered agent, Corporation Service Company, addressed at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## II. JURISDICTION AND VENUE

6.      This is an action for damages for failure to pay benefits under an insurance policy and other related claims over which this court has jurisdiction. Specifically, the Plaintiff is a resident of the State of Texas and Defendant, a foreign corporation is authorized to do business in the State of Texas.

7.      The disability policy at issue in the case was issued in the State of Texas.

## III. THE CLAIM ON THE POLICY

8.      Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action.  Said policy became effective September 1, 2007.

9.      Plaintiff is a 48 year old man previously employed as a "Mechanic".

10.     Mechanic is classified under the Dictionary of Occupational Titles as medium with an SVP of 7 and considered to be skilled work.

11.     Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on October 31, 2011, as on this date Plaintiff suffered from aseptic necrosis of the head and neck of femur.

12.     Plaintiff alleges he became disabled on November 1, 2011.

13.     Plaintiff filed for short term disability benefits with Defendant.

2

14.     Short term disability benefits were *granted*.

15.     Plaintiff filed for long term disability and waiver of premium benefits through the Plan administered by the Defendant.

16.     Defendant initially granted Plaintiff's request for long term disability benefits under the Plan.

17.     Subsequently, Defendant denied further long term disability benefits under the Plan pursuant to a letter to Plaintiff dated July 22, 2016.  Said letter allowed Plaintiff 180 days to appeal this decision.

18.     At the time Defendant denied Plaintiff further long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform "Any Occupation".

19.     If granted the Plan would pay monthly benefits of $1,800.00.

20.     Plaintiff pursued his administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

21.     Plaintiff timely perfected his administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

22.     Plaintiff submitted additional information including medical records to show that he is totally disabled from the performance of his own and any other occupation as defined by the Plan.

23.     On March 16, 2017, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability and waiver of premium benefits.

3

24.     Defendant also notified Plaintiff on March 16, 2017 that Plaintiff had exhausted his administrative remedies.

25.     Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on his ability to engage in work activities.

26.     Plaintiff has now exhausted his administrative remedies.

### IV. MEDICAL FACTS

27.     Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

28.     Plaintiff suffers from spinal stenosis due to avascular necrosis, cognitive deficits, vision problems,  severe leg pain subsequent to bilateral hip replacement, sleep apnea, diabetes, among other conditions.

29.     Treating physicians document Plaintiff's continue disabilities and the continued pain that requires ongoing pain management.

30.     Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed his ability to engage in any form of exertional activity.

31.     Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

32.     Plaintiff's treating physicians document these symptoms.  Plaintiff does not assert that he suffers from said symptoms based solely on his own subjective allegations.

4

33.     Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address his multiple symptoms.

34.     However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

35.     Plaintiff's documented pain is so severe that it impairs his ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

36.     Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

37.     The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

38.     As such, Plaintiff has been and remains disabled per the terms of the Policy and has sought disability benefits pursuant to said Policy.

39.     However, after exhausting his administrative remedies, Defendant persists in denying Plaintiff his rightfully owed disability benefits.

## V. DEFENDANT'S UNFAIR CLAIMS HANDLING PRACTICES

40.     On or about December 22, 2015 and again on July 21, 2016, Defendant's internal senior vocational rehabilitation consultant, Beth S. Darman, M.Ed., NCC, CRC, LPC, performed   paper reviews of Plaintiff's claim file. Ms. Darman made her determinations based on assumptions rather than supportive evidence provided by treating physicians.

5

41.     On or about June 3, 2016, Defendant's internal consultant, Christa Young, RN, performed a paper review of Plaintiff's claim file.

42.     Ms. Young's report is misleading, biased and result driven in that she failed to review all relevant medical records, the report ignores or is contrary to controlling medical authority such. The report fails to specify the medical standard upon which it relies. The report is based on faulty or incorrect information.

43.     Further, Ms. Young failed to consider all the Plaintiff's illnesses. She failed to consider all the Plaintiff's illnesses in combination. The report is conclusory and results driven, as demonstrated by the fact that the report cherry-picks the information by overemphasizing information that supports the Defendant's position and de-emphasizing information that supports disability and the report does not consider the standard of disability specified in the Policy.

44.     On or about February 16, 2017, Defendant's internal consultant, Richard Byard, JD, MS, CRC, senior vocational consultant, performed a paper review of Plaintiff's claim file.

45.     On or about February 21, 2017, Defendant's internal consultant, Susan K. Pendleton, RN, BSN, CCM, senior clinical consultant, performed a paper review of Plaintiff's claim file.

46.     Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on a biased report from Ms. Pendleton. Defendant in bad faith, relies on a non-physician, who has not conducted a physical examination of Plaintiff, over Plaintiff's treating physician who has examined Plaintiff over a long and frequent period of time, and with more knowledge of Plaintiff's condition.

6

47.     On or about March 6, 2017 and again on March 7, 2017, Defendant's internal consultant, Jonathan D. McAllister, II, M.D., internal medicine, performed a paper review of Plaintiff's claim file.

48.     Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on a biased report from Dr. McAllister.  Defendant in bad faith, relies on a non-treating physician, who has not conducted a physical examination of Plaintiff, over Plaintiff's treating physician who has examined Plaintiff over a long and frequent period of time, and with more knowledge of Plaintiff's condition.

49.     Defendant has failed to consider Plaintiff's credible complaints of pain and fatigue which limit Plaintiff's ability to function.

50.     Defendant has selectively reviewed Plaintiff's medical records and has cherry-picked only the excerpts from the medical records that support its pre-determined conclusion that Plaintiff is not disabled.

51.     Defendant has failed to apply proper definition of disability.

52.     Defendant has failed to consider the side effects of Plaintiff's medication.

53.     Defendant failed to allow Plaintiff an opportunity to respond to new evidence that first appeared in Defendant's final denial letter.  Specifically, there is an indication that a "Ashley Staples, MS, CRC, VRC," reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

54.     Defendant's consultants completed their reports without examining Plaintiff.

55.     On March 16, 2017, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

56.     Defendant also notified Plaintiff on March 16, 2017 that Plaintiff had exhausted his administrative benefits.

57:     Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on his ability to engage in work activities.

58.     Additionally, the Social Security Administration issued a fully favorable decision on Plaintiff's claim for disability benefits under Title II and Title XVI of the Social Security Act, finding that Plaintiff is "disabled" during the relevant time period. Notably, the Social Security Administration's definition of disability is significantly more restrictive than Defendant's as they require the claimant to be unable to work in "any occupation in the National Economy."

59.     Defendant was provided with documentation of the Social Security Administration's finding that Plaintiff was found to be totally disabled under Title II and Title XVI of the Social Security Act. Defendant has unreasonably ignored the Social Security Administration determination that Plaintiff is disabled.60.     At     all     relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

61.     Defendant's determination was influenced by its conflict of interest.

62.     Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

63.     The long term disability plan gave Defendant the right to have Plaintiff to submit to a physical examination at the appeal level.

8

64.     A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

65.     More information promotes accurate claims assessment.

66.     Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

67.     Defendant's conduct as a whole has failed to furnish a full and fair review of Plaintiff's claim.

## VI. FIRST CAUSE OF ACTION:

### Breach of Contract

68.     Plaintiff repeats and re-alleges paragraphs 1 through 67 of this Petition as if set forth herein.

69.     Plaintiff paid all premiums due and fulfilled all other conditions of the Plan.

70.     Under the terms of the Plan, Defendant is obligated to pay Plaintiff benefits, in full and without reservation of rights, during the period of time that Plaintiff is suffering totally disabled, as those words are defined in the Plan.

71.     In breach of its obligations under the aforementioned Plan, Defendant has failed to pay Plaintiff benefits in full and without any reservations of rights during the period of time that Plaintiff is suffering "totally disabled," as those words are defined in the Plan.

72.     Defendant stopped paying benefits to Plaintiff under the Plan, despite the fact that Plaintiff was totally disabled, in that he cannot perform the material duties of his own occupation, and he cannot perform the material duties of any other occupation which his medical condition, education, training, or experience would reasonably allow.

9

73.     Defendant breached the Plan when it stopped paying benefits to Plaintiff, despite the fact that Plaintiff was suffering totally disability, as that phrase is defined in the Plan. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

74.     Plaintiff has complied with all Policy provisions and conditions precedent to qualify for benefits prior to filing suit.

75.     As a result of Defendant's breach, Plaintiff suffered financial hardship.

76.     By reason of the foregoing, Defendant is liable to Plaintiff for damages.

### VII. SECOND CAUSE OF ACTION:

### Violation of Texas Insurance Code and DTPA

77.     Plaintiff realleges and incorporates each allegation contained in Paragraphs 1 through 76 of this Petition as if fully set forth herein.

78.     Due to the aforementioned acts and omissions, Defendant has violated the Texas Deceptive Trade Practices Act sections and articles in the following ways:

(a)     Insurance Code Article § 541.051 by misrepresenting the terms or benefits and advantages of The Policy;

(b)     Insurance Code Article § 541.052 by placing before the public materials containing untrue, deceptive, or misleading assertions, representations, or statements regarding The Policy;

(c)     Insurance Code Article § 541.060 by engaging in unfair settlement practices by (1) misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a

10

claim with respect to which Defendant's liability has become reasonably clear; (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendant's denial of Plaintiff's claim; (4) failing within a reasonable time to affirm or deny coverage of Plaintiff's claim; and (5) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

(d)    Insurance Code Article § 541.061 by misrepresenting the Policy by (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; and (5) failing to disclose other matters required by law to be disclosed.

(e)    Business and Commerce Code § 17.46(b)(5) by representing that services had characteristics, uses and benefits that they did not have;

(f)    Business and Commerce Code § 17.46(b)(12) by representing that an agreement conferred or involved rights, remedies or obligations which it did not have or involve; and

(g)    Business and Commerce Code § 17.46(b)(24) by failing to disclose information concerning services which was known at the time of the

11

transaction where the failure to disclose such information was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed.

(h)     Plaintiff is totally disabled, in that he cannot perform the material duties of his own occupation, and he cannot perform the material duties of any other occupation which his medical condition, education, training, or experience would reasonably allow;

(i)     Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

(j)     Defendant's interpretation of the definition of disability contained in the Policy is contrary to the plain language of the Policy, as it is unreasonable, arbitrary, and capricious;

(k)     Defendant failed to furnish Plaintiff a Full and Fair Review;

(l)     Defendant failed to specify information necessary to perfect Plaintiff's appeal;

(m)     Defendant has denied Plaintiff based on a selective and incomplete review of the records;

(n)     Defendant failed to credit Plaintiff's treating doctor's opinion;

(o)     Defendant has wrongfully terminated Plaintiff's long term disability benefits without evidence of improvement;

(p)     Defendant's request for objective evidence was improper;

(q)     Defendant failed to credit Plaintiff's credible complaints of pain and fatigue;

(r)    Defendant failed to consider the side effects of Plaintiff's medications;

(s)    Defendant has wrongfully relied on _____'s opinions as substantial evidence;

(t)    Defendant has wrongfully relied on a reviewing doctor's opinion who failed to consider Plaintiff's occupation and/or vocational abilities;

(u)    Defendant failed to give Plaintiff an opportunity to respond to new evidence;

(v)    Defendant's objective is to terminate Plaintiff's claim which is contrary to its duty as a fiduciary to act in good faith;

(w)    Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff; and

(x)    Defendant failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

79.    Defendant knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code section 541.002 (1) (formerly Art. 21.21 §2(c)).

## VIII. THIRD CAUSE OF ACTION:

### Breach of Covenant of Good Faith and Fair Dealing

80.    Plaintiff repeats and realleges paragraphs 1 through 79 of this Petition as if set forth herein.

81.     By selling the insurance policy to Plaintiff and by collecting substantial premiums therefore Defendant assumed a duty of good faith and fair dealing toward Plaintiff.

82.     The Plan contains an implied promise that it would deal fairly and in good faith with Plaintiff and would do nothing to injury, frustrate, or interfere with Plaintiff's rights to receive benefits under the Plan.

83.     Defendant breached its duty of good faith and fair dealing toward Plaintiff in one or more of the following ways:

> (a)     By failing to pay benefits to Plaintiff when Defendant knew or reasonably should have known that Plaintiff was entitled to such benefits;
>
> (b)     By interpreting ambiguous Plan provisions against Plaintiff and in favor of its own financial interests;
>
> (c)     By interpreting the factual circumstances of Plaintiff's disability condition against Plaintiff and in favor of its own financial interests;
>
> (d)     By failing to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled, including several determinations by Plaintiff's treating physicians
>
> (e)     By misrepresenting Plan coverage, conditions, exclusions, and other provisions;
>
> (f)     By interpreting the definition of disability contained in the Plan contrary to the plain language of The Policy and in an unreasonable, arbitrary, and capricious manner;

14

(g)    By failing to provide a reasonable explanation of the basis for the denial of disability benefits to Plaintiff; and

(h)    By compelling Plaintiff to initiate this action to obtain the benefits to which Plaintiff was entitled under the Plan.

84.    By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Plaintiff suffered financial hardship, substantial emotional distress, mental anguish, and pain and suffering which exacerbated his depression and anxiety.

85.    The actions of Defendant amount to egregious tortuous conduct directed at Plaintiff, a consumer of insurance.

86.    Defendant's actions directed at Plaintiff are part of a similar conduct directed at the public generally.

87.    Defendant's actions were and are materially misleading and have caused injury to Plaintiff.

88.    Defendant carelessly relied on its own flawed review of the records instead of in person medical examinations to decide to discontinue paying benefits.

89.    By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Defendant is liable to Plaintiff for compensatory damages and, for its egregious tortuous conduct, punitive damages, and attorneys' fees, costs, and disbursements incurred in connection with this action.

## IX. FOURTH CAUSE OF ACTION

### Fraud

90.    Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 89 of this Petition as if fully set forth herein.

91.     Defendant acted fraudulently as to each representation made to Plaintiff concerning material facts for the reason it would not have acted and which Defendant knew were false or made recklessly without any knowledge of their truth. The representations were made with the intention that they be acted upon by Plaintiff, who relied on those representations, thereby causing injury and damage to Plaintiff.

## X. FIFTH CAUSE OF ACTION

### Prompt Payment of Claim

92.     Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 91 of this Petition as if fully set forth herein.

93.     Defendant failed to timely request from Plaintiff any additional items, statements or forms that Defendant reasonably believed to be required from Plaintiff, in violation of Texas Insurance Code section 542.055 (a)(2)-(3).

94.     Defendant failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the fifteenth business day after receipt of all items, statements, and forms required by Defendant in violation of Texas Insurance Code section 542.056(a).

95.     Defendant delayed payment of Plaintiff's claim in violation of Texas Insurance Code section 542.058(a).

## XI. SIXTH CAUSE OF ACTION

### Statutory Interest

96.     Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 95 of this Petition as if fully set forth herein.

16

97.     Plaintiff makes a claim for penalties of 18% statutory interest on the amount of the claim along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code section 542.060.

## XII. CAUSATION

98.     The conduct described in this Petition was a producing and proximate cause of damages to Plaintiff.

## XIII. DECLARATORY RELIEF

99.     Pleading further, Plaintiff would show he is entitled to declaratory relief pursuant to Section 37 of the Texas Civil Practices and Remedies Code. Specifically, Plaintiff would show that he is entitled to declaratory relief due to Defendant's breach of its contractual obligation under the terms of The Policy. TEX. CIV. PRACT. & REM. CODE § 37.001.

100.    The evidence at trial will show that Plaintiff submitted a timely and properly payable claim for long term disability benefits to Defendant. The evidence will show that Defendant denied Plaintiff benefits which it contractually owes, because it claims that Plaintiff's condition does not meet the Policy's definition of "disabled".

101.    The conduct of Defendant as described above creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant. Therefore, Plaintiff requests the Court exercise its power afforded under §37.001 et. seq. of the Texas Civil Practices and Remedies Code and declare the specific rights and statuses of the parties herein. Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that he is disabled as

17

that term is both commonly understood and as defined by the insurance contract made the basis of this suit.

## XIV. ATTORNEYS FEES

102.   Plaintiff prays that the Court award costs and reasonable and necessary attorney's fees as are equitable and just under §37.009 of the Texas Civil Practices and Remedies Code, §38.001 of the Texas Civil Practices and Remedies Code, and Section 542 of the Texas Insurance Code.

## XV. REQUEST FOR DISCLOSURE

103.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XVI. JURY DEMAND

104.   In accordance with Texas Rule of Civil Procedure, Plaintiff requests a trial by jury of all issues raised in this civil action that are triable by right (or choice) by a jury.

## XVII. KNOWLEDGE

105.   Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## XVIII. RESULTING LEGAL DAMAGES

106.   Plaintiff is entitled to the actual damages resulting from Defendant's violations of the law.   These damages include the consequential damages to his economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits; and continued

impact on Plaintiff; lost credit reputation; and the other actual damages permitted by law. In addition, Plaintiff is entitled to exemplary damages.

107. As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the minimal jurisdictional limits of this Court.

108. Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

109. Defendant's knowing violations of the Texas Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

110. Plaintiff is entitled to statutory interest on the amount of his claim at the rate of 18% per year as damages under Texas Insurance Code section 542.060(a).

111. Plaintiff is also entitled to the recovery of attorneys' fees pursuant to Texas Civil Practices and Remedies Code section 38.001, Texas Insurance Code section 542.060(a)(b), Texas Business & Commerce Code section 17.50, and Texas Civil Practices and Remedies Code section 37.009.

## XIX. PRAYER

112. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court GRANT Plaintiff declaratory and injunctive relief, finding that he is entitled to all past due short term and long term disability benefits and waiver of premiums benefits yet unpaid under the terms of the Plan, and that Defendant be ordered to pay all future short term and long term disability benefits and waiver of premium benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plan.

19

113. Enter an order awarding Plaintiff all reasonable actual and punitive damages, pre- and post-judgment interest as allowed by law, attorneys' fees, costs of suit and expenses incurred as a result of Defendant's wrongful denial in providing coverage, and:

114. Enter an award for such other relief as may be just and appropriate.

Dated: 8/17/17

Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW, L.L.P.

By:     /s/ Marc Whitehead
        Marc S. Whitehead
            Tex. Bar No. 00785238
            Fed. I.D. Bar No. 15465
            marc@marcwhitehead.com
        J. Anthony Vessel
            Tex. Bar. No. 24084019
            Fed. I.D. No. 1692384
            anthony@marcwhitehead.com
        Britney Anne Heath McDonald
            Tex. Bar. No. 24083158
            Fed. I.D. Bar No. 2621983
            britney@marcwhitehead.com
        5300 Memorial Drive, Suite 725
        Houston, Texas 77007
        Telephone: 713-228-8888
        Facsimile: 713-225-0940
        ATTORNEY-IN-CHARGE
        FOR PLAINTIFF,
        MICHAEL LUMMUS

20

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

14   *Srprenserre*
2er

### *CITATION* ·

DELIVER*CHSU·No.* 067293978-17
AT_____:__42___ AM/PM
BY: *Recuria Ruar Beverly*
PROFESSIONAL CIVIL PROCESS
INITIALS: __Ls__ LIC# _Scid Wlely_

MICHAEL LUMMUS
VS.
UNUM LIFE INSURANCE COMPANY OF AMERICA

TO: UNUM LIFE INSURANCE COMPANY OF AMERICA

B/S REG AGT-CORPORATION SVC CO 211 E 7TH ST STE 620 AUSTIN, TX 78701-3218

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION,
REQUEST FOR DISCLOSURE AND JURY DEMAND at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 67th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

MICHAEL LUMMUS

Filed in said Court on August 18th, 2017 Against
UNUM LIFE INSURANCE COMPANY OF AMERICA

For suit, said suit being numbered 067-293978-17 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND JURY DEMAND  a copy of which accompanies this citation.

### MARC S WHITEHEAD
Attorney for MICHAEL LUMMUS Phone No. (713)228-8888
Address      5300 MEMORIAL DR STE 725 HOUSTON, TX 77007

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 22nd day of August, 2017.

By *Anthony Ferrara*
ANTHONY FERRARA

A CERTIFIED COPY
ATTEST: 08/22/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anthony Ferrara

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN *06729397817000003*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION,
REQUEST FOR DISCLOSURE AND JURY DEMAND, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                   _____
County of _____, State of _____

**3**

*CITATION*

Cause No. 067-293978-17

MICHAEL LUMMUS

VS.

UNUM LIFE INSURANCE COMPANY
OF AMERICA

ISSUED

This 22nd day of August, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By       ANTHONY FERRARA Deputy

MARC S WHITEHEAD
Attorney for: MICHAEL LUMMUS
Phone No. (713)228-8888
ADDRESS: 5300 MEMORIAL DR STE 725

HOUSTON, TX 77007

*CIVIL LAW*



*0672939781700003*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL



A CERTIFIED COPY
ATTEST: 08/22/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anthony Ferrara

**4**

FILED
TARRANT COUNTY
8/22/2017 9:48 AM
THOMAS A. WILDER
DISTRICT CLERK

## THE STATE OF TEXAS
### DISTRICT COURT, TARRANT COUNTY

*CITATION*       *Cause No. 067-293978-17*

MICHAEL LUMMUS
VS.
UNUM LIFE INSURANCE COMPANY OF AMERICA

TO: UNUM LIFE INSURANCE COMPANY OF AMERICA

B/S REG AGT-CORPORATION SVC CO 211 E 7TH ST STE 620 AUSTIN, TX 78701-3218

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION,
REQUEST FOR DISCLOSURE AND JURY DEMAND at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 67th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

MICHAEL LUMMUS

Filed in said Court on August 18th, 2017 Against
UNUM LIFE INSURANCE COMPANY OF AMERICA

For suit, said suit being numbered 067-293978-17 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND JURY DEMAND  a copy of which accompanies this citation.

### MARC S WHITEHEAD
Attorney for MICHAEL LUMMUS Phone No. (713)228-8888
Address    5300 MEMORIAL DR STE 725 HOUSTON, TX 77007

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 22nd day of August, 2017.

By *Anthony Ferrara*

ANTHONY FERRARA

A CERTIFIED COPY
ATTEST: 08/22/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anthony Ferrara

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN *06729397817000003*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION,
REQUEST FOR DISCLOSURE AND JURY DEMAND, having first endorsed on same the date of delivery.


Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
                                    _____
                        County of _____, State of _____

*CITATION*

Cause No. 067-293978-17

MICHAEL LUMMUS

VS.

UNUM LIFE INSURANCE COMPANY
OF AMERICA

ISSUED

This 22nd day of August, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By       ANTHONY FERRARA Deputy

MARC S WHITEHEAD
Attorney for: MICHAEL LUMMUS
Phone No. (713)228-8888
ADDRESS: 5300 MEMORIAL DR STE 725

HOUSTON, TX 77007

*CIVIL LAW*



*06729397817000003*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL



A CERTIFIED COPY
ATTEST: 08/22/2017
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anthony Ferrara

# 67th District Court of TARRANT County, Texas

401 W. BELKNAP, 8TH FL FORT WORTH TX 76196-0222

# CASE #: 067-293978-17

**MICHAEL LUMMUS**

*Plaintiff*
**vs**
**UNUM LIFE INSURANCE COMPANY OF AMERICA**

*Defendant*

### AFFIDAVIT OF SERVICE

I, **REGINALD EUGENE BENNETT**, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents stated
below on 09/14/17 12:39 pm, instructing for same to be delivered upon Unum Life Insurance
Company Of America By Delivering To Its Registered Agent, Corporation Service Company.

That I delivered to       : Unum Life Insurance Company Of America By Delivering To Its
                            Registered Agent, Corporation Service Company. By Delivering to
                            Sue Vertrees, authorized to accept

the following             : CITATION; PLAINITT'F ORIGINAL PETITION, REQUEST FOR
                            DISCLOSURE AND JURY DEMAND

at this address           : 211 E 7th Street Ste 620
                            AUSTIN, Travis County, TX 78701

Manner of Delivery        : By PERSONALLY delivering the document(s) to the person
                            above.

Delivered on              : Thursday SEP 14, 2017 1:59 pm

My name is REGINALD EUGENE BENNETT, my date of birth is OCT 11th, 1959, and my
address is Professional Civil Process Downtown, 2211 S. IH 35, Suite 105, Austin TX
78741, and U.S.A.  I declare under penalty of perjury that the foregoing is true and
correct.

Executed in Travis County, State of Texas, on the _15_ day of
_SEPTEMBER_ , 20 _17_ .

_____
REGINALD EUGENE BENNETT        Declarant
2448

Texas Certification#: SCH-12661 Exp. 05/31/2020

PCP Inv#: Z17900060
SO  Inv#: A17901609
Reference : 067-293-978-17

\+ Service Fee:   75.00
Witness Fee:     .00
Mileage Fee:     .00

tomcat                         Whitehead, Marc

AX02A17901609

**E-FILE RETURN**